```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

HERTZL BENYAMINI, : No. 3:09cv375
a/k/a BEHROOZ BENYAMINI :
a/k/a BEHROOZ HERTZL : (Judge Munley)
BENYAMINI, :
           **Plaintiff** :
:
           v. :
:
ST. CLAIR REAL ESTATE :
DEVELOPMENT CO., LLC; :
SCREDC CORP.; :
SCREDC II, LLC; :
COAL CREEK COMMERCE :
CENTER, LLC f/k/a :
SCREDC II, LLC; :
READING ANTHRACITE :
COMPANY and BRIAN RICH; :
           **Defendants** :
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is the defendants' motion to dismiss or in the alternative for summary judgment. The matter has been fully briefed an is ripe for disposition.

**Background**

Plaintiff Hertzl Benyamini[1] is a licensed real estate broker in the business of identifying commercial sites for retail corporations such as Wal-Mart Stores, Inc. (hereinafter "Wal-Mart") to locate stores in New York, New Jersey and Pennsylvania. (Doc. 7, Amended Complaint at ¶ 4). In August 1994, Wal-Mart contacted plaintiff to identify potential sites for a Wal-Mart Super Center within Schuylkill County, Pennsylvania. (Id. at ¶ 17). Working with Defendant Brian Rich, plaintiff helped broker a deal with Defendant Reading Anthracite Company for twenty-five (25) acres of former coal fields for the project. (Id. at ¶¶ 18 - 22). Plaintiff was involved

---

[1] A/k/a Behrooz Benyamini, a/k/a Behrooz Hertzl Benyamini.

in the negotiations between Defendant Reading Anthracite Company and Wal-Mart regarding development of the property. (Id. at ¶ 26). The letter of intent and the purchase and sale agreement indicated that Defendant Reading Anthracite would pay a brokerage commission to plaintiff. (Id at ¶¶ 23 - 25, 27).

Plaintiff assisted the defendants and Wal-Mart from 1995 through 1997 with zoning issues, engineering studies and preparation of the lease and/or purchase agreements. (Id. at ¶ 29). Brian Rich was also the president of Defendant Saint Clair Real Estate Development Company, LLC (hereinafter "Saint Clair"). (Id. at ¶ 30). Defendant Reading Anthracite conveyed its entire real estate tract to Saint Clair in late 1998 or early 1999. (Id. at ¶ 31). In February 1999, Defendant Rich as President of Saint Clair entered into a lease agreement with Wal-Mart. (Id. at ¶ 30).

Plaintiff and Defendant Rich executed a handwritten brokerage agreement in November 1998 regarding the work plaintiff did with regard to the Wal-Mart lease. (Id. at ¶¶ 33-34). The agreement called for a brokerage commission of $306,376.00. (Id. at ¶ 35). The parties also agreed on a schedule for payment of the fee. (Id. at ¶ 36). Over the next several months and years, the agreement on the payment schedule was verbally amended and the payment schedule was extended or deferred into the future several times. (Id. at ¶¶ 40 - 45). Eventually, the parties stopped agreeing to extend the payment of the commission, and the defendants have not made any payments on the brokerage commission. (Id. at ¶ 46). Thus, plaintiff instituted the instant case.

The complaint is comprised of the following four counts: Count I, breach of contract; Count II, breach of contract implied in law-unjust

enrichment; Count III, intentional misrepresentation-fraud; and Count IV, negligent misrepresentation. The defendants have moved for summary judgment or in the alternative to dismiss the complaint, brining the case to its present posture.[2]

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. The plaintiff is citizen of New York state and the defendants are citizens of Pennsylvania. (Doc. 7, Amended Complaint ¶¶ 3-12). Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaints. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir.

---

[2]This case contains many factual issues, accordingly, we will treat the motion solely as a motion to dismiss. It is too early at this stage, without discovery having taken place, to treat it as a motion for summary judgment.

3

2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). However, "we are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, -- U.S. --, 129 S. Ct. 1937, 1949-50 (2009) (internal quotations omitted).

To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192,

1196 (3d Cir. 1993).

**Discussion**

Defendants raise various issues in their motion. We will address each separately.

**1. Count I and the Real Estate Licensing and Registration Act**

Defendants first argue that plaintiff's claims should be dismissed because the brokerage commission contract at issue does not comply with the requirements of the Pennsylvania Real Estate Licensing and Registration Act, 63 PENN. STAT. § 455.101 et seq. (hereinafter "The Licensing Act"). Defendants argue that the agreement fails to meet the requirements of the Licensing Act, including the requirement that such agreements be in writing.

The Licensing Act provides, in pertinent part, as follows:

> [a licensed real estate broker] may not perform a service for a consumer of real estate services for a fee, commission or other valuable consideration paid by or on behalf of the consumer unless the nature of the service and the fee to be charged are set forth in a written agreement between the broker and the consumer that is signed by the consumer.

63 PENN. STAT. § 455.606(b)(1).

In the instant case, plaintiff alleges that the parties did enter into a written agreement. Plaintiff further avers that the parties amended the terms of the agreement verbally. Defendants argue that the verbal amendments have no legal effect because they were not in writing.

The parties agree that the section of the Licensing Act that requires a written commission agreement had an effective date of November 25, 1999. The instant written agreement was entered into in November 1998. Thus, it appears that the agreement does not fall under the provision of the Licensing Act. Regardless, defendant argues that the alleged oral

5

amendments to the agreement occurred after the statute became effective. Thus, they should also be in writing. We disagree.

The Licensing Act requires that the written agreement contain the nature of the service and the fee to be charged. 63 PENN. STAT. § 455.606(b)(1). These matters are indeed contained in the initial written agreement entered into by the parties. This agreement was amended by a writing entered into on December 16, 1999 to reflect the manner in which the commission was to be paid, not to change the amount of the fee. (Doc. 7, Amended Complaint at ¶ 37). As the written agreements do contain the fee to be charged, they appear to be in compliance with the statute. The statute is silent as to whether subsequent amendments to the agreement regarding timing of the payments of the fee must be in writing. The purpose of the statute, as stated by the defendant is to ensure "that a consumer is not unexpectedly charged by a broker for a commission that the consumer did not expect to pay." (Doc. 18, Defendant Reply Brief at 3). Allowing verbal amendments to the payment schedule of a fee agreed to in writing does not violate this purpose. Thus, we find that the agreements alleged by the plaintiff do not violate the Licensing Act, and will deny the defendants' motion based on these grounds

**2.    Count I and Statute of Limitations**

Next, defendant claims that the plaintiff's breach of contract claim is barred by the statute of limitations. Under Pennsylvania law, the statute of limitations for a breach of contract action is four (4) years. 42 PENN. CONS. STAT. ANN. § 5525(a)(8). Defendants argue that under plaintiff's interpretation of the contract, the final commission payment was due on December 17, 2002. Plaintiff filed the instant lawsuit on February 2009,

6

more than four (4) years later. Thus it is barred by the statute of limitations. After a careful review, we disagree.

Generally, "the statute of limitations begins to run as soon as the right to institute and maintain a suit arises [.]" Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983). Plaintiff had the right to institute and maintain suit when the commission came due and was not paid. According to the amended complaint, because the schedule of payment was continued several times verbally, the first payment did not become due until the defendants conveyed by sale or lease an "out-parcel" tract. (Doc. 7, Amended Complain at ¶¶ 43). Such a conveyance occurred on December 21, 2005. (Id. at ¶¶ 44-45). Regardless, defendants did not begin paying the commission. (Id. at ¶ 46). Accordingly, the contract is alleged to have been breached when defendants failed to commence the commission payments on December 21, 2005.[3] Plaintiff thus had four years from December 21, 2005 to file suit. The instant case was filed in February 2009, well within the statute of limitations. We will deny the defendants' motion based upon the statute of limitations.

## 3. Count II

Count II of plaintiff's complaint asserts a cause of action for breach of contract implied in law-unjust enrichment. Defendants argue that this cause of action should be dismissed for the same reasons that Count I's

---

[3]Plaintiff argues in his brief that the statute of limitations did not begin to run until sixty (60) days after December 21, 2005. We will use December 21, 2005 as the accrual date for the statute of limitations because that is how we interpret the allegations of the complaint, and the statute of limitations argument fails regardless of whether the claim accrued on December 21, 2005 or sixty days later.

7

breach of contract claim should be dismissed - - violation of the Licensing Act and violation of the statute of limitations. Because we have rejected defendants' arguments with regard to Count I, we also reject them with regard to Count II.

4. **Counts III-IV**

Count III of plaintiff's amended complaint asserts a cause of action for intentional misrepresentation - fraud, and Count IV asserts a cause of action for negligent misrepresentation. Initially, defendants argue that Counts III and IV should be dismissed for plaintiff's failure to comply with the Licensing Act. For the reasons set forth above, with regard to Count I, we disagree with the defendant and will not dismiss on these grounds.

Next, defendants argue that the two year statute of limitations for these causes of action expired before plaintiff filed suit, and that they should therefore be dismissed. Plaintiff agrees with the defendants that the relevant statute of limitations for Counts III and IV is two years. He argues, however, that the "discovery rule" tolled the statute of limitations.

The discovery rule "provides that where the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible." Dalrymple v. Brown, 701 A.2d 164, 167 (Pa. 1997). The discovery rule "arises from the inability of the injured, despite the exercise of due diligence, to know the injury or its cause." Pocono Int'l Raceway v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1993). Courts considering this exception to a statute of limitations must, therefore, "address the ability of the damaged party, exercising reasonable diligence, to ascertain the fact

8

of a cause of action." Id. When the discovery rule applies, the statute of limitations is tolled until the plaintiff could reasonably be expected to discover the injury and its cause. Id.

Plaintiff asserts that Defendant Rich made numerous fraudulent misrepresentations in the course of their dealings regarding cash flow problems and requests to delay payment of the commission and that the defendants never intended to pay the commission. Plaintiff argues that at this point, without discovery, it is too early to determine the factually sensitive issue of the discovery rule. We agree. The parties will be able to more fully develop this issue through discovery, and the court will be able to address it at the summary judgment stage, if the defendants choose to raise it again at that time.

**5. Defendants Scredc Corp.;Scredc II, LLC; Coal Creek Commerce Center, LLC f/k/a Scredc II, LLC; Reading Anthracite Company; and Brian Rich**

Finally, the defendants claim that all of the defendants should be dismissed except for St. Clair Real Estate Development, Co., LLC. The defendants' reasoning is that the contract alleged in the instant case is between St. Clair and plaintiff. The other defendants are not involved.

Plaintiff argues that Defendant Rich is the person with whom he dealt. Rich was an employee of all the corporate defendants and a corporate officer of the corporations as well. Plaintiff asserts that discovery is needed to determine the extent of Rich's involvement with the various transactions. We agree. Without discovery having been completed, it is impossible to address these factual issues. Accordingly, we will deny the motion to dismiss these defendants.

**Conclusion**

Based on the above reasoning, we will deny the defendants' motion to dismiss the plaintiff's amended complaint.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERTZL BENYAMINI,<br>a/k/a BEHROOZ BENYAMINI<br>a/k/a BEHROOZ HERTZL BENYAMINI,<br>　　　　　Plaintiff<br><br>　　　　　v.<br><br>ST. CLAIR REAL ESTATE DEVELOPMENT CO., LLC;<br>SCREDC CORP.;<br>SCREDC II, LLC;<br>COAL CREEK COMMERCE CENTER, LLC, f/k/a SCREDC II, LLC;<br>READING ANTHRACITE COMPANY and BRIAN RICH;<br>　　　　　Defendants | No. 3:09cv375<br><br>(Judge Munley) |

## ORDER

**AND NOW**, to wit, this 19th day of March 2010, the defendants' motion for summary judgment or in the alternative motion to dismiss (Doc. 10) is hereby **DENIED**.

　　　　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　**s/ James M. Munley**
　　　　　　　　　　　　　**JUDGE JAMES M. MUNLEY**
　　　　　　　　　　　　　**United States District Court**